**Daniel MIESSNER, Appellant,**

v.

**MUNICIPALITY OF ANCHORAGE,
Appellee.**

**No. 7696.**

Court of Appeals of Alaska.

Dec. 23, 1983.

Susan Orlansky, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

James A. Crary, Asst. Mun. Prosecutor, Allen M. Bailey, Mun. Prosecutor, and Jerry Wertzbaugher, Mun. Atty., Anchorage, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

Daniel Miessner was convicted of violating a municipal ordinance for leaving the scene of a non-injury accident. He appeals that conviction to this court, arguing that his conviction was based on inadmissible hearsay testimony and that admission of the hearsay testimony violated his constitutional right to confront the witnesses against him. U.S. Const. amend. VI and Alaska Const. art. I, § 11. We reverse Miessner's conviction. The evidence presented at trial can be stated briefly as follows. At approximately 5:00 o'clock on the morning of December 12, 1981, Officer William Shore contacted the defendant, Daniel Miessner, at a drinking establishment on the Old Seward Highway, after observing unusual behavior on Miessner's part. Miessner was crouched down by the back of a medium green four-door Mercury, Alaska license ACE 664. Officer Shore observed a strong odor of alcohol on Miessner's breath; Miessner was unsteady on his feet; his speech was slurred; his motions were hesitant. At trial Miessner stipulated that he was intoxicated at the time. When Officer Shore ran a registration check on ACE 664, Officer Mosher came on the channel and indicated that perhaps ACE 664 and its apparent occupant had been involved in an accident at Chilkoot Charlie's earlier that morning. Officer Shore testified that he and Officer Mosher later observed what appeared to be blue smeared paint on the left rear area of ACE 664. There was also a smear on the right front bumper and a gouge in the right rear door and right rear quarter area of the vehicle. The smear on the right front was not paint but where road film and dirt had been removed. Miessner indicated to Officer Shore that he had driven the car earlier that evening, but denied he had been at Chilkoot Charlie's and denied having struck another vehicle.

Officer Mosher took the stand to testify about the accident investigation he conducted at Chilkoot Charlie's on December 12, 1981. Mosher was dispatched at 2:45 a.m. and arrived at Chilkoot Charlie's at 2:50 a.m. Mosher estimated that the accident occurred at 2:30 a.m. He contacted the owners of two vehicles which had been struck and an alleged eyewitness to the accident, Tyrone Tucker. When he was contacted by Mosher, Tucker was seated in his van directly behind one of the vehicles which had been hit. Mosher testified, over defense objections, that Tucker stated the vehicle which hit the other two cars was a light colored 1974–76 Ford, license plate ACE 664. According to Mosher, Tucker said that the only occupant of that vehicle was the driver, who was male. Tucker claimed to have seen the collision right in front of his van and described how it occurred. Officer Mosher also testified that he later observed a paint transfer on Miessner's car which corresponded to the paint color of one of the vehicles which had been struck in the Chilkoot Charlie's parking lot. Another police officer, Officer Provost, testified that he contacted Meissner at the police station on December 12 and Miessner denied that he had been driving. Based upon this evidence, Judge John Mason convicted Miessner of leaving the scene of a non-injury accident.

Miessner's argument on appeal is that the hearsay testimony of Tyrone Tucker was improperly admitted. Judge John Mason allowed the testimony under Alaska Rule of Evidence 803(23) which provides the follow-

ing generalized exception to the hearsay rule:

> *Other Exceptions.* A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (a) the statement is offered as evidence of a material fact; (b) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (c) the general purposes of these rules and the interest of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, his intention to offer the statement and the particulars of it, including the name and address of the declarant.

We conclude that the trial court erred in allowing Tucker's hearsay testimony. The residual exception to the hearsay rule was designed to be "used very rarely, and only in exceptional circumstances." E.R.C. 246. Tucker's testimony was obviously important since he was allegedly the only eyewitness to the collision and his testimony was critical to Meissner's conviction. The confrontation clauses of the United States and Alaska Constitutions and the rules governing the admission of hearsay testimony clearly favor the presentation of firsthand testimony of critical witnesses at trial so that these witnesses may be cross-examined. There do not appear to have been any particular guarantees of the trustworthiness of this testimony. Therefore, it is reasonable to assume that cross-examination would have been important to fairly weigh Tucker's testimony. As Judge Mason pointed out, a person who is parked outside of Chilkoot Charlie's at three in the morning comes with no built-in guarantees of credibility. Furthermore, Evidence Rule 803(23) provides that hearsay testimony is to be offered only when "the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts." We believe that, given the preference for firsthand testimony and the critical nature of Tucker's testimony, it was incumbent on the prosecution to show that substantial efforts had been made to obtain Tucker's testimony at trial before it could resort to Evidence Rule 803(23). The record in this case simply does not show that the prosecution made diligent efforts to obtain Tucker's testimony or that he was unavailable. *See Green v. State,* 579 P.2d 14, 18 (Alaska 1978).

Accordingly we believe Tucker's testimony was improperly admitted, and we REVERSE Meissner's conviction.